BRENDEL v. CHARCH et al.

(Circuit Court, S. D. Ohio, W. D. September 1, 1897.)

1. EQUITY—JURISDICTION—ACTION FOR LEGACY.
    Under the decisions of the supreme court of the United States and of the supreme court of Ohio, a suit for a legacy in that state is of equitable cognizance.

2. FEDERAL COURTS—JURISDICTION OF SUIT FOR LEGACY—PENDENCY OF PROBATE PROCEEDINGS.
    Pending the settlement of an estate in the probate court, a citizen of another state, who is a legatee under the will, may maintain a suit in the federal court against the resident executor and the other legatees and heirs to recover such legacy.

Harmon, Colston, Goldsmith & Hoadly, for complainant.
Gunckel, Rowe & Shuey and Oscar M. Gottschall, for respondents.

TAFT, Circuit Judge. The complainant, a citizen of Texas, files her bill to compel the executor of John S. Charch, deceased, to account for and to pay over to her the remainder of a legacy of $5,000 left to her by will of the testator, upon which she has already received $3,000, and also the amount due her as her share under a residuary bequest in the same will to herself and others. The executor, and the other legatees under the will, who are all citizens of other states than Texas, are made parties defendant. Demurrers to the bill are filed by the executor and by one of the defendant legatees. The demurrers raise three objections to the bill. The first is that the action is not of equitable cognizance; the second is that the same cause is pending in the state court; and the third is that, as the estate is being settled in the probate court of Montgomery county, the jurisdiction of this court is ousted on principles of comity.

1. It is a question somewhat controverted whether an action for a legacy is of equitable cognizance, and authorities differ. The supreme court of the United States, however, has assumed the affirmative of the question to be correct (Association v. Hart, 4 Wheat. 1; Armstrong v. Lear, 12 Wheat. 169; Lewis v. Darling, 16 How. 1); and such seems to have been the view of the Ohio supreme court before the adoption of the new constitution fusing law and equity and providing for the modern organization of probate courts (Cram v. Green, 6 Ohio, 429; Grosvenor v. Austin's Adm'r, Id. 104). In this jurisdiction, therefore, it must be held that the cause of action stated in the bill justifies equitable relief.

2. It does not appear from the bill that the complainant is a party to any proceeding in any other court to obtain the same relief here asked. But, if it did, it would not be a ground for abatement of this suit. City of North Muskegon v. Clark, 22 U. S. App. 522, 10 C. C. A. 591, and 62 Fed. 694; Gordon v. Gilfoil, 99 U. S. 168.

3. The pendency of the proceeding to settle the estate in the probate court of Montgomery county does prevent this court from taking the estate out of the hands of that court, and administering it, and distributing the same according to the old equity practice, but it

does not and cannot prevent the citizen of another state, entitled under a will to share in an estate, or to a legacy under a will, from litigating his right to the same in the forum provided by the constitution and laws of the United States for the litigation of suits between citizens of different states, and from obtaining a decree against the resident administrator or executor for the amount found due him. State laws, providing exclusive methods for settling estates, the distribution of the same, and the payment of legacies, cannot oust the jurisdiction of federal courts of equity to afford equitable relief in such cases to distributees or legatees who are citizens of other states than that of the testator and executor. The distinction between a complete administration of the estate and a seizure of the property thereof on the one hand, and the entertaining of a suit by a nonresident distributee against the representatives of the deceased to enforce collection of his share, is very clearly brought out in Byers v. McAnley, 149 U. S. 608, 13 Sup. Ct. 906. In that case it was held that federal courts have no original jurisdiction in respect to the administration of decedents' estates, and that they could not, by entertaining suits against an administrator, which they had full power to do in certain cases, draw to themselves the possession of the res, or invest themselves with the authority of determining all claims against it, but that a citizen of another state might proceed in the federal court to establish a debt against the estate, which could not, however, be enforced against the estate itself, and that a distributee, a citizen of another state, might establish his right to a share in the estate, and enforce such adjudication against the administrator or executor personally, or against his sureties, or against other persons liable therefor, or proceed in any way which does not disturb the actual possession of the property of the estate by the state court. See, also, Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377; Green v. Creighton, 23 How. 90; Hyde v. Stone, 20 How. 170; Bank v. Jolly, 18 How. 503; Suydam v. Broadnax, 14 Pet. 57. As the complainant, on the facts alleged in the bill, is entitled to a decree against the executor for more than $2,000, the demurrers must be overruled. The clerk will make the entry.