## PUDER v. AGLER.

(District Court, N. D. Ohio, E. D. June 13, 1917.)

No. 368.

1. EQUITY ☞363—MOTION TO DISMISS—ADMISSIONS.

On motion to dismiss a bill in equity for insufficiency of the facts to constitute a valid cause of action, the facts alleged are admitted.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768.]

2. DESCENT AND DISTRIBUTION ☞91(1)—RIGHT OF ACTION BY HEIR.

Though an administrator has filed his final account, and though the estate has been finally settled and closed, the title to stocks, bonds, and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

securities belonging to the intestate and fraudulently concealed from the administrator remains in the administrator, and the intestate's sole heir cannot sue for their recovery, where they have not been distributed to him by the probate court, or filed in court for his benefit with the right to sue thereon, as is permitted by Gen. Code Ohio, § 10701, in the case of claims believed by the administrator to be desperate or uncollectible.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 359–361, 368, 375.]

In Equity. Bill by William A. Puder against Walter E. Agler. On motion to dismiss the bill. Motion granted.

Alexander H. Martin, of Cleveland, Ohio, for plaintiff.

Roscoe J. Webb, of Garrettsville, Ohio, for defendant.

WESTENHAVER, District Judge. This cause is before me on defendant's motion to dismiss complainant's bill for insufficiency of fact to constitute a valid cause of action in equity. The bill in substance alleges that complainant is a citizen of New Jersey, and the defendant a citizen of Ohio; that complainant is the nephew and the sole and only heir at law of Jesse Puder; that said decedent died about October 23, 1913, intestate; that administration was had upon such visible assets and property as came to his administrator's hands; that said administrator was duly appointed and acted under letters emanating from the probate court of Portage county, Ohio; that said administrator has filed his final account; that the same has been approved; that all debts of the estate have been paid; and that said estate is now closed. The bill further alleges that Jesse Puder, at his decease, was the owner of personal property consisting of money, stocks, bonds, a mortgage on real estate, and other securities to the value of $3,200 or more; that the defendant had in the lifetime of the decedent obtained possession of this personal property; that he has since fraudulently concealed the same, and has refused to account for and deliver up the possession thereof to said administrator; and that the same has since been converted to defendant's use.

[1] Admitting, as is required on this motion, the foregoing facts to be true, the question is whether a right of action is stated in the plaintiff. The answer to this question is to be determined by a simple inquiry as to who is the owner or holder of legal title to such assets not shown to or administered by the personal representative of the decedent.

[2] It is clear that this title is not in the plaintiff, but in the personal representative of the decedent, and that the allegation that such assets were fraudulently concealed by the defendant from the administrator, and that the estate has been finally settled and closed, does not show circumstances permitting plaintiff to maintain this action. It is elementary law that a personal representative succeeds both at law and in equity to the legal title to all personal property of his decedent. The property is question is personal property. See 18 Cyc. 172, 175, 944. At page 944 it is said:

"The personal representative in all cases represents the personal estate, the legal title to which vests in him absolutely, and both in law and equity he is considered as fully representing the rights and interests of all other persons who have ultimate rights in such estate."

To the same effect, see Tobias v. Richardson, 5 Ohio Cir. Ct. R. 74 (opinion, page 78, middle paragraph).

The title to the assets described remains in the personal representative, despite the fact that he may have filed what is called a final account, and an order made approving the same and discharging him. The allegations of the bill above summarized can amount to no more than this. It has been settled by several decisions of the Supreme Court of Ohio that, notwithstanding the filing and approval of a final account, the executor may thereafter sue and be sued respecting any assets not already administered, and that in effect the estate remains open and his power continues so far as necessary to the actual administration of all assets. See the following: Faran, Adm'r, v. Robinson, 17 Ohio St. 242, 93 Am. Dec. 617; Taylor v. Thorn, 29 Ohio St. 569; Lafferty v. Shinn, 38 Ohio St. 46; Weyer v. Watt, 48 Ohio St. 545, 28 N. E. 670. In Weyer v. Watt, supra, it is held:

"The probate court, for good cause, may remove an executor or administrator, or accept his resignation. But while choses in action, or other assets belonging to the estate, remain in his hands unadministered, his authority to administer the same is not extinguished by an order, made upon what purports to be the settlement of his final account, directing that he be discharged from his trust."

Complainant cites certain authorities and bases contentions thereon which require a brief comment. Cram v. Green, 6 Ohio, 429, is cited as authority for the proposition that a court of equity may entertain jurisdiction of a suit to compel an account by the representative and distribution of the estate among those entitled to it. The present action, however, is not of that character, but is one by an estate to collect and reduce to possession and administer assets, the title to which is in the personal representative. Moreover, Cram v. Green, supra, arose and was decided before the creation by the adoption of the Constitution of 1851 of probate courts, in which is now vested exclusive jurisdiction in the matter of settling and administering estates. It is therefore no longer the law of Ohio. See Constitution 1851, art. 4, § 8; Rockel's Complete Ohio Probate Practice, §§ 3, 19, 22, 27, G. C. § 10,492; Bowen v. Bowen, 38 Ohio St. 426; Robinson v. Williams, 62 Ohio St. 401, 57 N. E. 55.

An heir or distributee can obtain title to personal property not specifically bequeathed only by means of proceedings provided for the distribution and transfer to him, pursuant to the provisions of the Probate Code of Ohio. These provisions will be found in part in the following sections of the General Code: 10696, 10701, 10836, 10839, 10840. He may enforce distribution pursuant to the following sections: 10848, 10853, 10854, 10855, 10856, 10868, 10869, 10870, 10871. In compelling payment of a legacy or of a distributive share, the court of common pleas has concurrent jurisdiction with the probate court. G. C. § 10855; Bowen v. Bowen, 38 Ohio St. 426; Gray, Executor, v. Case School, 62 Ohio St. 1, 56 N. E. 484.

Complainant does not allege that decedent's right of action against the defendant, or any of the stocks, bonds, or choses in action in defendant's hands, has been ordered distributed to him in kind, or that under section 10701, G. C., the same has been filed in court for his

benefit with the right to sue thereon. On the contrary, the plain implication from the bill is that the title thereto still remains in the executor, and complainant's right to sue thereon is derived solely from the filing and approval of a final account by the personal representative.

Taylor v. Huber, 13 Ohio St. 288, is not in point. The legal title to the fund there was in the administrator, who, by the will, held it in trust during a life estate and was to pay it to two children of the life tenant after death. The remaindermen died first, leaving the life tenant, their mother, as their next of kin. It was held that a life tenant could compel the delivery to her of the estate thus held in trust, without the formality of passing title through the personal representative of the deceased remaindermen. Every person having a legal or beneficial title or interest in the property was before the court, and the matters involved were not within the exclusive jurisdiction of a probate court.

Brendel v. Charch (C. C.) 82 Fed. 262, is authority only for the proposition that a legatee or distributee may sue in the federal court to establish his right to a legacy or to his distributive share. It is expressly stated that the exclusive jurisdiction of the probate court to settle or administer estates cannot be taken over by the federal court. This is the general rule. See the following: Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867; Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101; Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80.

These authorities are against complainant's contention. They hold that the power and duty of a probate court to administer estates and settle accounts of personal representatives cannot be interfered with, and that, when jurisdiction is taken by a federal court to establish a legatee's or heir's right or title, complainant must then be remitted to the probate court for the purpose of participating in the administration and settlement on the basis of the right thus established.

An order may be entered sustaining this motion. An exception may be noted on behalf of complainant.