## VANDERWATER v. CITY NAT. BANK OF KANKAKEE, ILL., et al.

### No. 871–D.

District Court. E. D. Illinois.
June 29, 1939.

Gunn, Penwell & Lindley, of Danville, Ill., for plaintiff.

Allen, Dalbey & Foreman, of Danville, Ill., and C. M. Granger and Noel A. Diamond, both of Kankakee, Ill., for defendants.

LINDLEY, District Judge.

Plaintiff sued for an accounting and other equitable relief. Defendants moved to dismiss for want of jurisdiction. The court found itself uncertain, in view of certain facts appearing in the record, as to whether jurisdiction of the entire controversy or any part thereof was properly lodged in this court. It considered the question impossible of solution except upon presentment of evidence bearing upon the issue of equitable conversion, the validity of the actions of the executor as such and as trustee and other issues involved. Accordingly, the motion to dismiss was denied.

Defendants have answered the complaint and, from the face of the pleadings, it now appears that a suit between plaintiff and the defendant executor is pending in the Circuit Court of Kankakee County, Illinois; same being an appeal from an order of the Probate (County) Court of Kankakee County determining the issues arising upon the current and final accounts of the executor and objections thereto; that said appeal, under the statutes of Illinois, effectuates no review of the record of the Probate Court but a trial de novo; that in the Probate Court it was held that it had no jurisdiction of certain of the issues involved; that in the trial upon appeal this holding will be adjudicated anew. It becomes most material, therefore, for this court to determine whether it shall permit this cause to proceed and thereby undertake the determination of not only its own jurisdiction but also that of the State Court. The cause came into being in the latter long prior to the institution of the suit here. It is not seemly or proper that the parties be subjected unnecessarily to the cost and expense of two pieces of litigation involving the same subject matter in two different courts. Accordingly, I consider it my duty in courtesy to the State Court to determine whether this suit or any part thereof shall be stayed. To make such decision a brief review of the issues involved is necessary.

This suit is brought by Richard Vanderwater, the sole surviving legatee and devisee of Walter S. Vanderwater, deceased. Plaintiff avers that he is a citizen and resident of the state of California and that more than $3,000 is involved. He asks relief in the way of accounting and recovery of damages of fraud perpetrated by the

executor, another bank and four individuals, all residents and citizens of the state of Illinois. The testator died in Kankakee January 30, 1930, leaving surviving his widow and plaintiff, his son, as his only heirs. Under his will, duly probated in the County Court of Kankakee County, Illinois, the City Trust and Savings Bank of that city, named as executor, was duly appointed, qualified and is still acting as such, the estate being administered in the County Court. The will gave the executor "full authority to sell and convey" the real estate and personal property. The executor was to "use its own judgment as to the selection of the time when the sale should be made so as to get the best available price." It was provided that out of the proceeds of the sale of realty and personalty certain sums should be paid to the widow and plaintiff and the balance invested by the executor and "kept in good interest bearing securities." One-half of the net income therefrom was to be paid to the widow and the other half to the son, during the life-time of the widow. Upon her death, the executor was directed to deliver to the son, the plaintiff, all property on hand, to be his absolute property, and thereupon the estate was to be closed.

The administration continued until the death of the widow on December 17, 1936. Thereafter, the executor filed in the County Court its final account, in which it purported to account for all of its acts and doings, whether as executor or trustee. Thereupon the plaintiff filed his objections, some 91 in number, and supplemental objections, to the final report and all preceding current accounts. He objected on the grounds (1) that the executor had been negligent in disposing of certain personal property and for that reason should account for the losses thereby incurred; (2) that it had not accounted for all the personal property; (3) that certain expenditures were not justified; (4) that the executor should account for interest on the money handled; (5) that it be required to account for the money lost to the estate in the sale of 1,500 acres of land in Arkansas, for the losses incurred in settlement with one Deslauriers, in the sale of the stock of the Vanderwater Clothing Company, in the alleged wrongful investment of $3,000 in a mortgage given by one Roy; (6) that the alleged invalid lease for a five year period after the death of the life tenant, of certain property in Kankakee, should be cancelled; and (7) that the fees and expenses claimed to be due were excessive. The objector further contended that the matters contained in the so-called income account have to do with a testamentary trust created by the will, beyond the jurisdiction of the court.

The County Court found that as to the objections relative to leasing of the real estate, collection of the rents and operation of the farm lands in Arkansas, it had no jurisdiction; that the items relating to taxes, insurance and improvements on buildings were not proper charges against the probate estate and that certain other charges were not proper. The court sustained the remaining objections in part and over-ruled them in part.

Both parties appealed to the Circuit Court. The only parties to that cause are the executor and the plaintiff, and, under the statute of Illinois, that court, upon appeal from the County Court, exercises only a limited jurisdiction, that is only such as the County Court had over the probate administration. Neither the County Court or the Circuit Court upon appeal therefrom has jurisdiction of testamentary trusts.

At this stage of the proceedings plaintiff filed this suit against the executor, another bank and four individuals with all of whom it is charged the executor has had transactions. Plaintiff alleges that the executor received 110 shares of the capital stock of the Vanderwater Clothing Company, of the par and actual value of $11,000, and ten shares of the value of $1,000 which the testator had received from Deslauriers, who had agreed to buy the latter stock and had given in payment his note for $2,078; that the executor fraudulently cancelled the note and surrendered the stock; that it fraudulently accomplished a sale of the 110 shares for $1,000; that the City National Bank illegally profited; that defendants Carlson, Wisehnowski, Diamond and Mueller participated in the frauds; that the executor, purporting to act as trustee, fraudulently sold the Arkansas land for an inadequate sum; that it wrongfully purchased farm equipment and fraudulently permitted a loss thereon; that the executor violated certain statutory duties; and that it wrongfully invested in a mortgage and paid to itself excessive fees. The plaintiff sought a cancellation of the sale of the capital stock or, in the alternative, an accounting in money for its value, a recovery of the losses accruing to the estate by reason of

the neglect and fraud of the executor and its acts complained of, a full accounting and such relief as would adequately protect the plaintiff.

Defendants insist that the jurisdiction of the County Court over the estate having attached, this court is without jurisdiction over any of the issues involved. They admit that the Probate Court has no jurisdiction of testamentary trusts but aver that the will worked an equitable conversion of the real estate and that all acts of the executor were performed in its capacity as such and not as trustee. They rely upon Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Goodrich v. Ferris, 214 U.S. 71-80, 29 S.Ct. 580, 53 L.Ed. 914; Oakley v. Taylor, C.C., 64 F. 245; Smith v. Foley, C.C., 80 F. 949; Colt v. Colt, 111 U.S. 566, 581, 4 S.Ct. 553, 28 L.Ed. 520; Garzot v. Rio de Rubio, 209 U.S. 283-302, 28 S.Ct. 548, 52 L.Ed. 794; Sullivan v. Algrem, 8 Cir., 160 F. 366; Perkins v. Warburton, D.C., 4 F.2d 742; Simmons v. Saul, 138 U.S. 439, 460, 11 S.Ct. 369, 34 L.Ed. 1054, 1055; Smith v. Jennings, 5 Cir., 238 F. 48. These cases are to the effect generally that where property is held in the custody of a State Court, a Federal Court may not rightfully take jurisdiction of its administration, as it as such has no jurisdiction of ordinary probate matters in the settlement in the estate of deceased persons. From these premises defendants urge that this court is wholly without jurisdiction. However, in doing so, they ignore that line of cases in which it has been said that the general equity jurisdiction of the Federal Court can not be defeated or impaired by state statutes providing exclusive methods for settling estates, or undertaking to give exclusive jurisdiction to the State courts, because state statutes can in no way affect the equity jurisdiction of the Federal Courts. Such announcements are to be found in the following cases: Brendel v. Charch et al., C.C., 82 F. 262; Hayes v. Pratt, 147 U.S. 557, 13 S.Ct. 503, 37 L.Ed. 279; Kendall v. Creighton, 23 How. 90, 64 U.S. 90, 15 L. Ed. 419; Lawrence v. Nelson, 143 U.S. 215, 12 S.Ct. 440, 36 L.Ed. 130; Payne v. Hook et al., 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260; Newberry v. Wilkinson, 9 Cir., 199 F. 673; Smith v. Smith, 9 Cir., 224 F. 1; 21 Corpus Juris 42, § 17; Smyth v. Ames et al., 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Mississippi Mills, etc., v. Cohn, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052; McConihay v. Wright, 121 U.S. 201, 7 S.Ct. 940, 30 L.Ed. 932; Sheffield Furnace Co. v. Witherow, 149 U.S. 574, 13 S.Ct. 936, 37 L.Ed. 853; Arrowsmith v. Gleason, 129 U.S. 86, 9 S.Ct. 237, 32 L.Ed. 630; Johnson v. Waters, 111 U.S. 640, 4 S.Ct. 619, 28 L.Ed. 547; Richardson v. Pennsylvania Coal Co., D.C., 203 F. 743. Without quoting from all these authorities it may be said that a Federal Court may not take the administration of an estate out of the hands of the Probate Court at the suit of a non-resident, but that this can not prevent a citizen of another state entitled to a legacy or other interest under a will from litigating his right to the same in the forum provided by the Constitution and laws of the United States "for the litigation of suits between citizens of different states, and from obtaining a decree against the resident administrator or executor for the amount found due him. State laws, providing exclusive methods for settling estates, the distribution of the same, and the payment of legacies, cannot oust the jurisdiction of federal courts of equity to afford equitable relief in such cases to distributees or legatees who are citizens of other states than that of the testator and executor. The distinction between a complete administration of the estate and a seizure of the property thereof on the one hand, and the entertaining of a suit by a nonresident distributee against the representatives of the deceased to enforce collection of his share, is very clearly brought out in Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906 [37 L.Ed. 867]. In that case it was held that federal courts have no original jurisdiction in respect to the administration of decedents' estates, and that they could not, by entertaining suits against an administrator, which they had full power to do in certain cases, draw to themselves the possession of the res, or invest themselves with the authority of determining all claims against it, but that a citizen of another state might proceed in the federal court to establish a debt against the estate, which could not, however, be enforced against the estate itself, and that a distributee, a citizen of another state, might establish his right to a share in the estate, and enforce such adjudication against the administrator or executor personally, or against his sureties, or against other persons liable therefore, or proceed in any way which does not disturb the actual possession of the property of the estate

by the state court." Brendel v. Charch, C.C., 82 F. 262, 263.

From the various statements made it is obvious that a serious question exists as to the jurisdiction of this court over strictly probate matters. If plaintiff had instituted his suit here in the first instance, being a citizen of another state and the sole legatee, and the amount in controversy being over $3,000, it would seem that under the Constitution and laws of the United States he would have been entitled to litigate with the executor in the forum created for the purpose, namely, the Federal Court. In such case it would seem that he would have the right to procure a judgment, if the evidence justified it, but that having procured such judgment the enforcement thereof would necessarily take place in the Probate Court. But plaintiff did not follow this remedy against the executor; he sought relief in the state tribunal; he submitted himself to its jurisdiction. It is too late, in my opinion, for him now to seek relief upon matters which are strictly probate in character or of any matter of which the county court had jurisdiction. Jurisdiction over such matters he has consented to in the court of limited jurisdiction having to do therewith and it is too late to remove the controversy to this court and likewise too late to institute suit in this court. Comity, in addition to the other elements, necessitates denial of his rights to sue the executor at this late date here.

But another serious question is involved. The plaintiff seeks relief here against other parties in no wise involved in the probate proceedings. He seeks relief which the Probate Court could not permit in the nature of enforcement of liability of parties whom he claims have participated in fraud and rendered themselves liable to him. Of these controversies the County Court could not have and has no jurisdiction, and as to them no adjudication could be made in the State Court. The parties are not the same; the subject matter is different. Griswold v. Bacheller, C.C., 77 F. 857; Green v. Underwood, 8 Cir., 86 F. 427, 429. Furthermore, the Probate Court has no jurisdiction of testamentary trusts and a serious question arises as to whether certain acts of the executor were those of a probate officer or rather the acts of a trustee. If they were of the latter character, the Probate Court is without jurisdiction over the same. Again a question arises as to whether equitable conversion of the real estate took place. This is inextricably bound up with the question of whether certain acts were probate or trust in character. Of all such matters as the Probate Court has no jurisdiction over, this court has complete jurisdiction at the suit of a non-resident. But where the jurisdiction of the Probate Court ends in this case has not been determined. The Probate Court denied its jurisdiction in certain respects, but in the pending cause effectuating a trial de novo, the order of the Probate Court is no adjudication upon this issue of jurisdiction. This court is loath to attempt to determine the extent of and limitations upon the State Court's jurisdiction. There must be comity and proper courtesy between the State and Federal Courts, and to me it seems unseemly that this court should proceed to determine whether the State Court has jurisdiction of certain issues when that court must of necessity decide that question for itself. Accordingly, I conclude that this action should be stayed until the further order of this court to permit a determination by the Probate Court of Kankakee County of the extent of and limitations of its jurisdiction over the issues involved before it in the cause there pending. If all of the acts complained of by the executor were probate in character, that court has full jurisdiction, so far as relief against the executor is demanded. But if such acts were in part the administration of a testamentary trust, then as to such act no jurisdiction in the County Court exists, and plaintiff has a right to maintain his action against the executor in this court, acting in the capacity of trustee, but it is unseemly that two trials shall proceed at the same time, and I shall hold in abeyance the plaintiff's suit until an adjudication in the pending cause in the State Court.

This interlocutory abatement of this cause will in no manner affect or prejudice the causes of action asserted by plaintiff against the five defendants not parties to the probate proceeding. The issues between plaintiff and them are in no wise involved in that court. But I can perceive of no good reason why plaintiff should prosecute such causes until the clarification to be expected can be realized by the decision of the State Court.