**UNITED STATES of America**
v.
**In re the ESTATE of Marston G. SLATE et al.**
**Civ. A. No. 68–H–203.**

United States District Court
S. D. Texas,
Houston Division.
Sept. 30, 1969.

Morton L. Susman, U. S. Atty., and Joel P. Kay, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Dougal C. Pope, Houston, Tex., for defendant.

*Memorandum and Order*

SINGLETON, District Judge.

This is an action brought by the United States against the estate of Marston G. Slate, deceased, and Joanne E. Slate, administratrix, to recover a judgment for various unpaid income taxes, income withholding taxes, Federal Insurance Contribution Act (FICA) taxes, penalties and interest, for various years prior to decedent's death. Jurisdiction is predicated on 28 U.S.C. §§ 1340 and 1345 (1960) and Int.Rev.Code of 1954, § 7402. This cause is now before the Court on defendant's motion to dismiss.

On September 12, 1964, Marston G. Slate died testate, and on October 13, 1964, by order of the Probate Court of Harris County, Texas, Joanne E. Slate was appointed administratrix of the decedent's estate. On November 15, 1967, the United States duly filed and presented a proof of claim with the Probate Court of Harris County, pursuant to the applicable laws of the State of Texas. This claim and the supplemental claim filed on November 30, 1967 set forth the various taxes, penalties and interest allegedly owed to the United States by defendant.

The administratrix of the estate of Marston G. Slate did not act on the claim within thirty (30) days, and, as provided by the Texas Probate Code, V. A.T.S., such failure constituted a rejection of the claim. Tex.Prob.Code Ann. § 310 (1956). Section 313 of the Texas Probate Code provides, in part: "When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred." The United States filed suit in this Court within ninety (90) days after the rejection.

Section Five of the Texas Probate Code provides:

"The district court shall have appellate jurisdiction and general control over the county court in all probate matters, and original control and jurisdiction over executors, administrators, guardians and wards under such regulations as may be prescribed by law."

Defendant contends that this Court does not have jurisdiction of plaintiff's suit, because section five of the Probate Code places exclusive jurisdiction in the state district court. Defendant concedes that the United States could have initially filed suit in federal district court on its assessment and reduced it to judgment. Then the judgment could have been filed as a claim with the Probate Court. But, says defendant, plaintiff elected to file its claim in Probate Court. Thus, plaintiff has made an election of forums and has submitted it-

self to the jurisdiction of the Probate Court. Plaintiff is bound by the provisions of the Probate Code of the State of Texas which provides that if a claim is rejected, the claimant has ninety (90) days in which to file suit in the state district court. Therefore, defendant contends that this Court lacks jurisdiction of the cause of action.

It is well established that a federal court has no jurisdiction to probate a will or administer an estate or entertain any suit that will interfere with the possession of the *res* in the Probate Court. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918); Booth v. Merchants National Bank, 100 F.2d 478 (5th Cir. 1938). But it is equally well established that federal courts do have jurisdiction of *in personam* actions to establish claims against a decedent's estate "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, *supra* 326 U.S. at 494, 66 S.Ct. at 298. See Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909); Sutton v. English, *supra*; Republic of Iraq v. First National City Bank, 353 F.2d 47 (2d Cir. 1965); Akin v. Louisiana National Bank, 322 F.2d (5th Cir. 1963).

In the present case the only relief sought is a determination of the validity and amount of the tax claims against decedent's estate. Plaintiff does not seek a judgment which would in any way interfere with the orderly process of the administration of the estate in the Probate Court, nor does it attempt to deal with the *res* of the estate or its orderly distribution. Plaintiff's complaint states a cause of action which is normally within the jurisdiction of federal courts.

It is true that the Probate Court has concurrent jurisdiction over this type of cause of action. Barrett v. International Underwriters, Inc., 346 F.2d 345 (7th Cir. 1965); United States v. Peoples Trust & Savings Co., 97 F.2d 771 (7th Cir. 1938). And, if the Probate Court had adjudicated the merits of plaintiff's claim, perhaps plaintiff would be barred from seeking relief in this Court. See Vanderwater v. City National Bank, 28 F.Supp. 89 (D.Ill.1939). But in the present case plaintiff never received such an adjudication. When its claim was rejected, plaintiff filed this suit in federal district court rather than in the state district court.

In the case of Hart v. United States, 207 F.2d 813 (8th Cir. 1953), the United States brought suit to collect taxes from insolvent defendants. Previously it had intervened in a mortgage foreclosure suit in state court and filed a claim. It later withdrew the claim and filed suit in federal district court. The court in *Hart* rejected defendant's contention that:

> "when * * * the United States withdrew from the state court proceedings before trial and did, as it had a perfect right to do under special statute,—go into a federal court to establish its tax claim, 28 U.S.C.A. § 1345, that it was estopped from doing so because it had, by voluntary intervention, once called the state court's attention to the existence of its claim to the res." *Id*. at 817.

When its claim was rejected by the administratrix of the Slate estate, plaintiff had the right to proceed under state law in state district court, or proceed in a court of concurrent jurisdiction, the United States district court, under 28 U.S.C. § 1345 (1962). It was entitled to an adjudication of the merits of its claim in either one of these courts. And, following the reasoning of *Hart*, it was not estopped from pursuing relief in federal district court because it had "once called the state court's attention to the existence of its claim to the res."

Ultimately, defendant's contention is that when the United States' claim was rejected, it was required to seek redress in state district court as

provided by section five of the Texas Probate Code, notwithstanding the fact that a federal district court normally would have jurisdiction of plaintiff's cause of action. Defendant's position ignores the fact that: "Federal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought." Akin v. Louisiana National Bank, *supra* 322 F.2d at 754; Beach v. Rome Trust Co., 269 F.2d 367 (2d Cir. 1959); United States v. Peoples Trust & Savings Co., 97 F.2d 771 (7th Cir. 1938). The Court has jurisdiction of this cause of action under 28 U.S.C. §§ 1340 and 1345 (1962) and under the Internal Revenue Code of 1954, § 7402, and its jurisdiction cannot be defeated by the provisions of section five of the Texas Probate Code.

Therefore, for the reasons given above, defendant's motion to dismiss should be, and it is hereby, denied.