Anna Harris WILLIAMS, Plaintiff,

v.

UNITED STATES of America, Dana L. Monford, Individually and as Temporary Administrator of the Estate of Leslie H. Williams, Jr., Equitable Life Assurance Society, Dennis Beck, Ryan D. Williams, David Wayne Smith, and Mary Linda McCall, Defendants.

v.

Dana L. Monford, as Temporary Administrator of the Estate of Leslie H. Williams, Jr., Cross-claim Defendant.

No. CIV.A. H–02–4075.

United States District Court,
S.D. Texas,
Houston Division.

June 10, 2004.

Harold Norman May, May & McCreight LLP, Houston, TX, for Plaintiff and Counter–Defendant.

William S. Chesney, III, Frank Elmore et al, Michael J. Cenatiempo, Cenatiempo & Gardner, Jason B. Ostrom, Cenatiempo & Ditta LLP, Houston, TX, for Defendants, Cross–Defendant and Counter–Claimant.

Larry Miller Lesh, Locke Purnell Rain & Harrell, Dallas, TX, Gary F. Cerasuolo, Smith & Cerasuolo, LLP, Daniel F. Crowder, Attorney at Law, Houston, TX, Jack Morton Wilhelm, McCall & Ritchie, Austin, TX, for Defendants.

Jonathan L. Blacker, Attorney at Law, Dallas, TX, for Defendants, Cross–Claimant and Counter–Defendant.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is Defendant/Cross–Claimant the United States of America's Motion for Summary Judgment (Document No. 46). After carefully considering the motion, response, reply and the applicable law, the Court concludes that the United States's motion should be granted.

### I. *Background*

This is a tax liability case previously described in the Court's Memorandum and Order entered May 14, 2003 (Document No. 34). The United States ("Government") moves for summary judgment on its amended cross-claim against Dana L. Monford, as Temporary Administrator of the Estate of Leslie H. Williams, Jr. ("Monford"), which cross-claim seeks an order that the Estate of Leslie H. Williams, Jr. ("Estate") is indebted to the United States for $543,463.29 in federal income taxes, penalties, and interest owed for the tax years ending 1992, 1997, 1999, 2000, and 2001, plus statutory additions provided by law.[1] Monford contends that the Court lacks jurisdiction to enter such an order.

### II. *Jurisdiction*

#### A. *Standard of Review*

Although Monford does not formally move to dismiss the Government's amended cross-claim, she asserts as her only defense to the Government's motion for summary judgment that the Court lacks subject matter jurisdiction.

The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *St. Paul Reins. Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996); *Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1384 (5th Cir.1989). The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981) (holding that the existence of disputed material facts does not preclude a court from evaluating the merits of a jurisdictional challenge).

---

1. After the Court issued its Memorandum and Order entered May 14, 2003, the United States amended its cross-claim to include the tax years 1992 and 2001. *See* Document No. 42. Although the United States asserted both its original and amended cross-claims against Anna Harris Williams as well as the Estate, the United States has since reached an agreed judgment with Anna Harris Williams resolving its claims against her. *See* Document No. 49.

## B. *Discussion*

As stated above, the Government's amended cross-claim seeks an order adjudging liability for certain federal income taxes, penalties, and interest owed for the tax years ending 1992, 1997, 1999, 2000, and 2001, plus statutory additions provided by law. *See* Document No. 42; No. 18. The Government asserts that this Court has jurisdiction under 26 U.S.C. § 7402(a) ("The district courts ... shall have such jurisdiction ... to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."), 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, ..."), and 28 U.S.C. § 1345. In its Memorandum and Order enter May 14, 2003, the Court held that subject matter jurisdiction existed over the Government's cross-claim under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340. *See* Document No. 34, at 10 n. 2. The Government has established that the Court does have jurisdiction over its claim unless Monford's new argument has merit. Monford argues that the Court now lacks jurisdiction over the Government's amended cross-claim because the Government subsequently filed its claim for taxes in probate court.

It was after the issuance of the Court's Memorandum and Order entered May 14, 2003—and after the Government's filing of its amended cross-claim—that the Government filed its claim for taxes, penalties, interest, and statutory additions in Probate Court No. 1 of Harris County, Texas ("Probate Court"). The Government's authenticated claim against the Estate in the Probate Court was for $543,583.44 in unpaid taxes, penalties, and interest for the tax years 1992, 1997, 1999, 2000, 2001, and 2002. *See* Document No. 50 ex. A.[2] Mon-

ford allowed the claim and the Probate Court approved it as a class three claim. *See id.* exs. A, B. The Government then amended its claim to include interest and statutory additions dating from March 15, 2004. *See id.* ex. C. Monford also allowed the amended claim. *See id.* The Court takes judicial notice (1) that on May 10, 2004, the Probate Court approved the Government's amended claim, although without classifying it; and (2) that on May 20, 2004, the Probate Court authorized Monford to pay $83,949.59 to the Government as a partial credit on the amended claim.

Because the Government filed its tax claim against the Estate in Probate Court, Monford argues that action on the Government's cross-claim in this Court would now interfere with proceedings in the Probate Court. Such interference, Monford contends, precludes the exercise of federal jurisdiction.

"[A] federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Breaux v. Dilsaver,* 254 F.3d 533, 536 (5th Cir.2001). *Markham* stated this limitation on federal jurisdiction as follows:

> [F]ederal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees, and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Markham,* 66 S.Ct. at 298 (quoting *Waterman v. Canal–Louisiana Bank & Trust Co.,* 215 U.S. 33, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909)); *Breaux,* 254 F.3d at

**2.** The Government's claim in Probate Court was for $120.15 more than the amount of its cross-claim here. This *de minimis* disparity is not a point of argument between the parties.

536. In determining whether a suit in federal court "interferes" with state probate proceedings, courts in the Fifth Circuit "consider[ ] whether the plaintiff's claim 'implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties.'" *Breaux*, 254 F.3d at 536 (quoting *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir.1981)).

The Government's Motion for Summary Judgment on its amended cross-claim seeks an order that "Dana L. Monford, as Temporary Administrator of the Estate [ ] of Leslie H. Williams, Jr. is liable to the United States for the federal income (Form 1040) tax for the tax years ending 1992, 1997, 1999, 2000, and 2001 in the amount of $543,463.29, plus interest and statutory additions." *See* Document No. 46. Generally, "a determination of the validity and amount of the tax claims against [a] decedent's estate" does not "in any way interfere with the orderly process of the administration of the estate in the Probate Court, nor does it attempt to deal with the *res* of the estate or its orderly distribution." *United States v. Estate of Slate*, 304 F.Supp. 380, 382 (S.D.Tex.1969)(Singleton, J.). In *Slate*, the administratrix of the Slate estate had *rejected* the Government's claim and the Government then filed suit in federal court rather than in Probate Court. In *dictum* the Court stated, "[I]f the Probate Court had adjudicated the merits' of plaintiff's claim, perhaps plaintiff would be barred from seeking relief in this Court." *Slate's*, 304 F.Supp. at 382. *See also Vanderwater v. City Nat'l Bank*, 28 F.Supp. 89 (E.D.Ill. 1939) (stating that where the plaintiff filed his claims in county probate court, and appealed the judgment through the state court system, he could not thereafter litigate the same claims in federal court).

Relying on *Slate* and *Vanderwater*, Monford argues that "[t]he validity and amount of [the Government's] Claim and Amended Claim has [sic] essentially been adjudicated when Monford approved them," and that the Court therefore lacks jurisdiction to make such a determination. Document No. 50, at 6. Neither *Slate* nor *Vanderwater*, however, stands for the proposition that a federal court lacks jurisdiction over a party's claim when a probate court has adjudicated the merits of a similar claim. In each case, with the *dictum* in *Slate* and the holding in *Vanderwater*, the implication is that principles of res judicata and comity may bar in federal court the re-litigation of a claim already adjudicated in probate court. These cases do not hold, however, that federal court is without subject matter jurisdiction, which in this case is plainly conferred by 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340.

█ The probate limitation on federal jurisdiction stated in *Markham* does not foreclose a federal court's "jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham*, 66 S.Ct. at 298. The judgment sought here by the Government on the validity and amount of its tax claim neither interferes with the Probate Court's possession of Estate property nor implicates the validity of the probate court proceedings. The Probate Court had jurisdiction over the Government's claim for taxes in the Estate proceeding, and this Court, under the statutes cited above, has jurisdiction over the Government's tax claims against the Estate. It seems somewhat odd that the Government has sought to reduce its tax claim to judgments in both state and federal court, but no objection has been raised that the Government is barred here by res judicata or principles of comity. The Estate, presumably, is

protected from incurring double liability (and there is no indication that the Government intends such) by the authority of the Probate Court to authorize payments from the Estate to satisfy the judgment. This Court has no authority to interfere with the probate proceeding or with control of the property of the Estate that is in custody of the Probate Court and the Government has not requested any such action by this Court. This Court does have limited jurisdiction, however, to adjudge the tax liability of the Estate, which is all that is requested. The Estate's plea to the jurisdiction of the Court on the Government's amended cross-claim is therefore denied.

### III. *Summary Judgment*

#### A. *Standard of Review*

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See id.* at 2553–54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986)). "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Id.*

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *See Anderson*, 106 S.Ct. at 2513–14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price–Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993) (citing *Matsushita*, 106 S.Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* (citing *Anderson*, 106 S.Ct. at 2511). Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S.Ct. at 2513.

#### B. *Discussion*

The uncontroverted summary judgment evidence shows that with respect to the tax years set forth in the amended cross-claim, the Estate is liable for federal income taxes, penalties, and interest totaling, as of March 15, 2004, $543,463.29. *See* Document No. 48 exs. 1–2.

Aside from challenging jurisdiction, Monford presents no reason why the Court should not grant the Government summary judgment on its amended cross-claim. The Government's Motion for Summary Judgment is therefore granted.

Monford expresses concern that such a judgment will allow the Government to

interfere with the administration of the Estate by attempting to levy on property within the control of the Probate Court. *See* Document No. 50, at 6. The Court does not anticipate that the Government will improperly interfere in the Probate Court's administration of the Estate. *See, e.g., United States v. Silverman*, 621 F.2d 961, 966 (9th Cir.1980), *cert. denied* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981) ("This recognition by Congress of the unavailability of administrative collection procedures in the case of an estate of a decedent is consistent with the long-standing position of the Treasury that it may not levy on assets of a decedent's estate while in the custody of the probate court.").

## IV. *Order*

For the reasons set forth, it is hereby

ORDERED that Defendant/Cross–Claimant the United States of America's Motion for Summary Judgment (Document No. 46) is GRANTED, and it is hereby

ORDERED that Dana L. Monford, as Temporary Administrator of the Estate of Leslie H. Williams, Jr., as of March 15, 2004, is liable to the United States for the federal income (Form 1040) tax for the tax years ending 1992, 1997, 1999, 2000, and 2001 in the amount of $543,463.29, plus interest and statutory additions.

The Clerk will enter a copy of this Order and send a copy to all counsel of record.