**Dan Henry BLAKENEY, et al., Plaintiffs-Appellants,**

v.

**Bernice BLAKENEY, et al., Defendants-Appellees.**

**No. 81–4239**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1981.

Charles O. Moore, Jackson, Miss., Wm. Henry Sanders, Jena, La., for plaintiffs-appellants.

Crymes G. Pittman, Karen H. Spencer, Jackson, Miss., John Raymond Tullos, Raleigh, Miss., for defendants-appellants.

Before CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Dan Henry Blakeney and other heirs of James Blakeney appeal from the district court's order dismissing their complaint for lack of subject matter jurisdiction. We affirm.

James Blakeney, a resident of Smith County, Mississippi, died testate on January 3, 1967. Later that month his will was admitted to probate in the Chancery Court of that county. Creditors of James Blakeney, whose interests were secured by a deed of trust on land owned by the decedent, filed a proof of claim with the estate and sought confirmation of their title to the land. A final decree quieting title was entered in January 1969.

On February 4, 1981, six heirs of James Blakeney filed suit in the United States District Court. They claimed that the judgment of probate was void because Blakeney had lacked capacity to make a will and because concealed fraud vitiated the probate proceedings. They also claimed that the proceedings filed by the creditors were void because all interested persons had not been made parties to the proceeding, that the executors had been negligent in their administration of the estate and that Catherine Hair, Blakeney's widow, had a dower right to the property claimed by the creditors.

■ The district court found that because the matters raised by the plaintiffs concerned the probate of an estate it lacked jurisdiction to hear their claims. Alternatively, the court found that their suit was barred by the statute of limitations and collateral estoppel and that the suit should be dismissed for failure to join an indispensable party. Since we affirm the primary holding, we do not reach any alternative ground. The plaintiffs claim that the court's decision on the alternative grounds may be urged against them if they advance the same claims in state proceedings. Because, however, the district court's determination that it lacked jurisdiction was correct, it did not have the power to decide the alternative grounds and that portion of its judgment is accordingly vacated.

Even in cases involving more than ten thousand dollars and diversity of citizenship, courts of the United States have consistently recognized that they may lack jurisdiction to adjudicate some probate claims. See Akin v. Louisiana National Bank, 322 F.2d 749 (5th Cir. 1963). However, such courts may "entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham

v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). In determining whether the suit in federal court interferes with the state proceedings, the Fifth Circuit has considered whether the plaintiff's attack implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties. See Akin, supra; accord Rice v. Rice Foundation, 610 F.2d 471 (7th Cir. 1979) (discussing Fifth Circuit practice).

■ The plaintiffs' claim that Blakeney lacked capacity to make a will goes to the validity of the will itself. The district court was thus clearly correct in determining that it lacked jurisdiction over that claim.

The plaintiff's other claims, though not as patent, are equally intrusive into the Mississippi probate proceeding. The plaintiffs seek to void the confirmation proceeding for lack of notice, to have part of the land awarded to the defendants redistributed to Blakeney's widow and to recover for the executor's alleged negligent administration of the estate. These claims do not merely concern the rights that parties before the federal forum have against each other, they concern matters which the Mississippi Chancery Court has long ago either expressly or impliedly adjudicated in the course of probating the will and administering the estate. The district court correctly determined that it also lacked jurisdiction over these claims.

AFFIRMED IN PART AND VACATED IN PART.