**Philip ROBERTSON and Patricia Anne Robertson Miller, Plaintiffs-Appellants,**

v.

**Willard E. ROBERTSON, Jr., and Marlin Head Robertson, Defendants-Appellees.**

No. 86–3181.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1986.

Mary Ann McGarth Swaim, William E. Wright, Jr., New Orleans, La., Russell L. Post, Eric W. Wiechman, John R. Musicaro, Jr., Hartford, Conn., for plaintiffs-appellants.

Moise S. Steeg, Jr., Edwin O. Schlesinger, New Orleans, La., for defendants-appellees.

Before BROWN, RUBIN, and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Contending that their father died while a resident of Louisiana, two children of a deceased businessman seek to establish, in a federal district court in Louisiana, forced heirship rights in their father's estate greater than the interest granted them in their father's valid will, which has been probated in an Arkansas state court and is being administered by that court. The district court sua sponte dismissed their suit for lack of subject matter jurisdiction. We find that the court has jurisdiction and, therefore, reverse the dismissal.

## I.

When Willard E. Robertson, Sr. died at Ochsner Foundation Hospital in October, 1983, he left an estate worth approximately $30 million, a will leaving the bulk of his assets to his wife and the children of his third marriage, and modest bequests to two children of his first marriage. The children of the first marriage contend that they are entitled to a larger portion of their father's estate than is granted them under his will because he died a domiciliary of Louisiana subject to that state's forced heirship laws.

Willard Robertson, Sr. married Sally Moss Robertson in 1935 and lived with her in Connecticut. They had two children, Philip Robertson and Patricia Anne Robertson Miller, the plaintiffs in this case. In 1947, the family moved to New Orleans, Louisiana, where Robertson opened a dealership dealing in imported automobiles. Robertson divorced Sally in 1950. He subsequently married Marie Gossum Robertson, who died childless in 1959. In 1963, he married Marlin Head Robertson, who bore him two more children, Willard E. Robertson, Jr. and James Christopher Robertson. For some time after his third marriage, Robertson and his new family continued to reside in New Orleans at several different addresses.

Robertson left New Orleans a few years before his death and bought a luxurious home in Shreveport, Louisiana. Shortly thereafter, he also invested, either individually or through one or more of his closely held corporations, in real estate situated in and around Rogers, Arkansas, including a second residential property for his personal use. His residency during the last years of his life is, therefore, subject to dispute. Philip Robertson and Patricia Robertson Miller contend that, after leaving New Orleans, Willard Robertson, Sr. and his family continued to reside in Shreveport, where Willard, Jr. and Christopher attended school. They also contend that, until his death, Robertson filed annual reports and served as an agent for service of process for the Willard E. Robertson Corporation in Louisiana, a function that required him to retain a Louisiana domicile.

The defendant, Willard Robertson, Jr., co-executor of his father's estate, asserts that his father was a resident of Arkansas at the time of his death. This assertion is consistent with the representation of his residency status made by Robertson in his will, which has been probated and is currently being administered by a state court in Arkansas.

The majority of Robertson's wealth consists of stock represented by certificates that are physically located in Arkansas. These intangibles are considered to have a situs at his domicile. Determination of his domicile at the time of his death is, therefore, a matter of great importance in the distribution of his estate. The answer to that question governs whether his entire estate—other than his immovable property situated in Arkansas [1]—or only his immovable property situated in Louisiana is subject to Louisiana's forced heirship law, under which the children of Robertson's first marriage would each inherit one-eighth (1/8th) of his estate instead of the modest amounts bequeathed to them under their father's will.

The validity of Robertson's will is not contested. It names Willard Jr. executor of his father's estate. As executor, Willard Jr. initiated probate proceedings in Arkansas. He then took steps to administer the portion of his father's estate located in Louisiana. Because, however, Willard Jr. considers himself a resident of Arkansas, he found it necessary to fulfill Louisiana's statutory requirements for nonresident testamentary executors. Louisiana Code of Civil Procedure, Article 3097, subd. A(4) disqualifies as testamentary executor any "nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession...." To conform with the requirements of this statute, Willard Jr. retained Moise Steeg, Jr., a Louisiana lawyer, to act as his agent and attor-

---

1. *Hughes v. Hughes*, 14 La.Ann. 85, 86 (1859).

ney-in-fact so that Willard Jr. could qualify to serve as testamentary executor in ancillary proceedings to inventory and, if necessary, to administer the contents of a bank box listed in Robertson's name and located in Orleans Parish, Louisiana. Willard Jr. authorized Steeg to accept process but, he contends, only to the extent required to avoid disqualification. Although the bank box ultimately was found to contain no property belonging to the deceased, the appointment of Steeg remains significant because the only service of process effected in this case, that on Willard Jr., has been made through service on Steeg.

Willard Jr. initiated a second ancillary proceeding in Shreveport, Louisiana, to administer his father's Shreveport property, which has since been sold. Apparently, administration of the Shreveport property was accomplished through agents other than Steeg, for the record and proceedings before us are devoid of detail regarding those proceedings and Willard Jr.'s involvement in those proceedings has not been offered as a basis for establishing personal jurisdiction over him in this case.

Notice of the probate action was sent to Philip Robertson and Patricia Robertson Miller in their state of residence, Connecticut, as soon as the Arkansas probate proceedings were initiated. Neither elected to appear before the Arkansas court. Instead, they asked to be notified of the progress of the proceedings. Thereafter, by agreement in the Arkansas probate proceedings, Marlin Head Robertson, the decedent's third wife and widow, was appointed co-executor of her husband's estate and notice of this appointment was forwarded to Philip and Patricia. Philip and Patricia thereafter filed this suit in the District Court for the Eastern District of Louisiana naming both Willard Jr. and Marlin as defendants. As noted above, service was effected on Willard Jr. through Steeg. No service has been made on Marlin.

In district court, Willard Jr. filed motions to dismiss for the alleged invalidity of Steeg's appointment as Willard Jr.'s agent, improper venue, and lack of personal jurisdiction. At a hearing on the motion, the trial court raised the issue whether it possessed subject matter jurisdiction over the claims. Determining that it did not, the court dismissed the case without deciding the merits of the pending motions.

## II.

■ The present legal issue is not complex. The requirements for federal diversity jurisdiction have been met. The parties are diverse in citizenship and the claim in controversy exceeds $10,000. Although federal courts generally do not possess subject matter jurisdiction over matters of probate, they may entertain suits in favor of creditors, legatees, heirs, and other claimants to establish claims against a decedent's estate provided that the federal court does not "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." [2] Thus, "once a will has been probated, an action by legatee, heir, or other claimant against an executor becomes a suit between the parties that is a justiciable controversy within the scope of federal jurisdiction if other jurisdictional requirements are met." [3]

■ In this case, a determination that Robertson died while a domiciliary of Louisiana would have no practical effect on the probate of the will or the Arkansas court's jurisdiction. Under Arkansas law, the probate court has in rem jurisdiction over a probate proceeding from the filing of the petition until the final order for distribution is entered.[4] Venue lies in the county where the decedent resided, died, or held the greater value of his property.[5] Most

**2.** *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Blakeney v. Blakeney,* 664 F.2d 433, 434 (5th Cir.1981).

**3.** *Akin v. Louisiana Na. Bank of Baton Rouge,* 322 F.2d 749, 751 (5th Cir.1963).

**4.** Ark.Stat.Ann. §§ 62–2004 and 62–2101.

**5.** Ark.Stat.Ann. § 62–2102.

important, the Arkansas court would retain jurisdiction to administer the estate whether or not Robertson was domiciled in Arkansas when he died.[6] The order entering Robertson's estate into probate in Arkansas, therefore, cannot be upset even if a federal court should decide that he was domiciled in Louisiana when he died. If, on the other hand, Philip and Patricia fail to establish that Robertson's domicile was in Louisiana, they have a claim to a forced portion based on the value of the immovable property in Louisiana.[7] Whether that claim is satisfied by the bequest to them in the will would simply be an issue in the federal proceeding. Thus, there is an issue between citizens of different states that is justiciable in a federal court whether or not Robertson was domiciled in Louisiana when he died, and one that, in either event, will not disturb the administration of the estate by the Arkansas court for it will result solely in a decree between the parties to the federal suit.

This case, therefore, is fundamentally indistinguishable from the situation addressed by this court in *Akin v. Louisiana National Bank of Baton Rouge.*[8] In *Akin,* the adopted son of a domiciliary of Louisiana brought an action in federal court against the executor and testamentary heirs of his father's estate in order to establish his rights as a forced heir to two-ninths (2/9ths) of the deceased's property. Noting that the suit was not one to annul the will and that the action neither affected the probate nor seized control of the res or the actual distribution process, this court held that the action was within the subject matter jurisdiction of the federal courts.

The fact that the probating court in *Akin* was a Louisiana court rather than a court of another state does not differentiate the two cases. The federal proceeding cannot divest the Arkansas court of power to probate and administer the will, nor can it affect the validity of the will itself. Its result will determine only what portion of the estate remains available for distribution under the terms of the will, just as was the case in *Akin.*

Conceding that *Akin* is indistinguishable in general principle, Willard Robertson, Jr. contends that the *Akin* rule should not be dispositive here because "other jurisdictional requirements"[9] have not been fulfilled. Specifically, Willard Jr. contends, as he did before the district court, that the district court lacks personal jurisdiction and is not, in any event, the proper venue for a suit against him. Because these issues were never addressed by the district court and must be resolved upon the basis of factual findings that the district court has yet to make, we cannot now decide them. The district court's determination that it lacked subject matter jurisdiction over Philip and Patricia's claim is thus the sole issue ripe for review. We hold today that determination of the domicile of Willard Sr. at his death and of the ensuing property rights of Philip Robertson and Patricia Robertson Miller arising under Louisiana law do not interfere with the probate proceedings and, therefore, are within the jurisdiction of the federal courts. Of course, we do not imply that all the claims for relief that have been raised may be granted by a federal court. Any relief granted must be consistent with the appropriate scope of federal jurisdiction; it must neither interfere with the probate of the will nor amount to an assumption of probate or control of property in the custody of state courts. The district court's order dismissing the action for lack of subject matter jurisdiction is, therefore, REVERSED and the case REMANDED for further proceedings.

---

6. Ark.Stat.Ann. § 62–2125(b); *see also McPherson v. McKay,* 205 Ark. 1135, 172 S.W.2d 911 (1943); *State ex rel. Atty. General v. Wright,* 194 Ark. 652, 109 S.W.2d 123 (1937); *Schweitzer v. Bean,* 154 Ark. 228, 242 S.W. 63 (1922).

7. *See, e.g., Atkinson v. Roger,* 14 La.Ann. 633 (1859).

8. 322 F.2d 749 (5th Cir.1963).

9. *Akin,* 322 F.2d at 751.