The UNION NATIONAL BANK OF TEXAS, Plaintiff,

v.

MARIA de Jesus ORNELAS GUTIERREZ, et al., Defendants.

Civ. A. No. L–90–129.

United States District Court, S.D. Texas, Laredo Division.

Jan. 2, 1991.

Franciso R. Canseco, Laredo, Tex., for plaintiff.

Horace C. Hall, III, Richard E. Sames, Richard N. Hansen, Laredo, Tex., for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is the Motion to Dismiss by Enrique R. Cuellar, Temporary Administrator of the Estate of Joaquin Felipe Gutierrez Gonzalez. By the memorandum of November 6, 1990, the Court determined that jurisdiction existed under Rule 22, Federal Rules of Civil Procedure, and requested that the parties brief the applicability of the "probate exception" to federal jurisdiction. The Court has reviewed the brief filed by Cuellar and the joint brief filed by Maria de Jesus Ornelas Gutierrez, Maria Aurora Tenorio Ornelas and Union National Bank of Texas (UNB).

The so-called "probate exception" is a judge-made limitation on federal jurisdiction derived from the limits on the jurisdiction of the equity courts in England in 1789. To avoid interference with state probate proceedings, federal courts have developed pragmatic limitations on the exercise of diversity jurisdiction. The United States Supreme Court in *Markham v. Allen* summarized that development:

"Federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees, and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.... While a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, ... it may exercise its jurisdiction to adjudicate rights in such property where the final judgment

does not undertake to interfere with the state court possession save to the extent that a state court is bound by the judgment to recognize the right adjudicated by the federal court." (citations omitted).

326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946).

Maintaining jurisdiction in this matter would not infringe upon the boundaries of the probate exception. Several Fifth Circuit decisions are instructive. In *Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d 749 (5th Cir.1963), the Fifth Circuit reversed a district judge's decision to decline jurisdiction on probate exception grounds, finding jurisdiction appropriate where the plaintiff sued for her share of the decedent's estate as a forced heir, a right that existed independently of the will. The court held that "the recognition of the plaintiff's interest does not affect the probate of the will or the administration of the estate." *Akin*, 322 F.2d at 754. In *Turton v. Turton*, 644 F.2d 344 (5th Cir.1981), the Fifth Circuit observed that within the *Markham v. Allen* test "under the heading of 'establishing claims' ... a creditor may obtain a federal judgment that he has a valid claim against the estate ... or a devisee may obtain a declaratory judgment that a probated will entitles him to twenty percent of the net estate." *Turton*, 644 F.2d at 347. Where there is an issue between citizens of different states that is justiciable in a federal court and its result "will determine only what portion of the estate remains available for distribution under the terms of the will," exercise of federal jurisdiction will not violate the probate exception. *Robertson v. Robertson*, 803 F.2d 136, 139 (5th Cir.1986).

Here, the state probate court never had the res which was held by UNB prior to the interpleader. In fact the state court specifically excluded the UNB account in question when it appointed a temporary administrator for decedent's estate. *See*, Order Appointing Temporary Administrator and Authorizing Issuance of Temporary Letters of Administration, Estate of Joaquin F. Gutierrez Gonzalez, Cause No. 10874 (County Court–at–Law of Webb County, Texas— February 12, 1990). It is arguable that even if the state court had assumed control of the res, federal jurisdiction would not be precluded. *See United States v. Swan*, 441 F.2d 1082 (5th Cir.1971) (jurisdiction appropriate where bank interpled claimants to estate assets held by bank).

In the instant case, this Court is asked to determine whether the res is part of the decedent's estate or whether it belongs to Ornelas Gutierrez and Tenorio Ornelas, based on the "Pay on Death" designation. Resolution of that issue should have no impact on the ongoing probate proceedings, being merely a determination of the ownership of the res. *See Robertson, supra*. If the "Pay on Death" designation is valid, the res is not and was never part of the decedent's estate. If the designation is invalid, the res is part of the estate, and distribution will go forward under the state court's administration. Faithful to *Markham*, this Court will not interfere with the probate proceedings or take control over any property in the custody of the state court.

Cuellar's Motion to Dismiss is DENIED.

There should be no reason why this case cannot be decided rather quickly. The legal issue appears to be a rather narrow one and presumably all parties would benefit by a prompt decision. All parties are DIRECTED to promptly confer and attempt to submit an agreed scheduling order for discovery, motions, pre-trial order, etc. no later than January 22, 1991. If they are unable to do so, the Court will hear their views and do it for them.