EDITH H. JONES, Circuit Judge,
joined by E. GRADY JOLLY, JERRY E. SMITH, RHESA HAWKINS BARKSDALE, EMILIO M. GARZA and CLEMENT, Circuit Judges, dissenting:
I fully concur in Judge Emilio Garza’s excellent dissent. I am compelled by precedent, however, to comment on the majority’s decision to base its opinion on a theory never raised by the parties in this case; namely, the theory that LISD fired Coggin too quickly and failed to give Cog-gin proper time to seek state court judicial review of the Commissioner’s decision not to allow a hearing. See Judge Emilio Garza’s Dissent at 476.
The problem has been colorfully, if hy-perbolieally, described by our brethren on the Seventh Circuit: “Judges are not like pigs, hunting for truffles buried in briefs.”[1] United States v. Dunkel, 927 F.2d 955, 956 *469 (7th Cir.1991). Today, the majority, unable to find a truffle in the briefs, has simply created an issue never raised by the parties either before the district court[2] or the panel of this court which first heard the case,[3] or in the supplemental briefs filed prior to en banc rehearing.[4] Like some of my former and current colleagues on this court, I find such behavior by an en banc court to demonstrate “a complete lack of appropriate judicial self-restraint.” United States v. Lyons, 731 F.2d 243, 253 (5th Cir.1984)(en banc)(Rubin and Williams, JJ., concurring in part and dissenting in part, joined by Politz, Tate, and Higginbotham, JJ.).
“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”[5] Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); Conley v. Bd. of Trs. of Grenada County Hosp., 707 F.2d 175, 178 (5th Cir.1983) (“As a general principle of appellate review, we refuse to consider issues not raised below.”). We deviate from this rule only in extraordinary circumstances. Leverette, 183 F.3d at 342. “Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it.” N. Alamo Water Supply Corp., 90 F.3d at 916. As this court has explained, such circumstances exist when “the asserted error is so obvious that the failure to consider it would result in a miscarriage of justice.” Conley, 707 F.2d at 178. Given the close *470 ness of this case, which is readily apparent from the split among the members of this court, one cannot say that the resolution of this newly raised argument is obvious.
The majority’s decision to wander down the road they have chosen is particularly regrettable in light of the en banc court’s nearly-unanimous statements of just five years ago in United States v. Brace, 145 F.3d 247 (5th Cir.1998)(en banc). In light of the majority’s dalliance, it is worthwhile to restate what this court said in Brace:
It goes without saying that we are a court of review, not of original error. Restated, we review only those issues presented to us; we do not craft new issues or otherwise search for them in the record. E.g., United States v. Johnson, 718 F.2d 1317, 1325 n. 23 (5th Cir.1983) (en banc) (we will not review improper jury instruction if neither raised in trial court nor claimed on appeal to be error). It is for the parties, those who have a stake in the litigation, to decide which issues they want to pursue, at trial and on appeal. Diverse reasons underlie the choices the parties make. Likewise, other obvious factors come into play, such as judicial efficiency and economy, fairness to the courts and the parties, and the public interest in litigation coming to an end after the parties have had their fair day in court. Cf. United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); United States v. Calverley, 37 F.3d 160, 162 (5th Cir.1994) (en banc), cert. denied, 513 U.S. 1196, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995). In short, it is not for us to decide which issues should be presented, or to otherwise try the case for the parties.
Our role is indeed limited. Concerning our not acting as legislators, Justice Cardozo admonished that a judge “is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness”. Cardozo, The Nature of the Judicial Process 141 (1921). Needless to say, the same is true regarding our not addressing issues not presented to us.
Brace, 145 F.3d at 255-56. The same principle was endorsed unanimously by the en banc court earlier. See Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 884 n.25 (5th Cir.1988) (en banc) (“As an appellate court, we decline to entertain issues not raised in, or decided by district courts.”). The majority have failed even to cite, much less distinguish or otherwise explain their departure from en banc precedents. They advance no authority to support their novel approach to the judicial craft.
Further, as Justice Blaekmun wrote on behalf of a unanimous Supreme Court, the rule that appellate courts not consider issues that the parties failed to present to the lower court:
is “essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.” We have no idea what evidence, if any, petitioner would, or could, offer in defense of this statute, but this is only because petitioner has had no opportunity to proffer such evidence. Moreover, even assuming that there is no such evidence, petitioner should have the opportunity to present whatever legal arguments he may have in defense of the statute.
Singleton, 428 U.S. at 120, 96 S.Ct. 2868 (quoting Hormel v. Helvering, 312 U.S. *471 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941)) (emphasis added).
The dangers of deciding issues raised by the court sua sponte are well-illustrated by the proceedings before the Eleventh Circuit in Stewart v. Dugger, 847 F.2d 1486 (11th Cir.1988) (Stewart I), vacated by 877 F.2d 851 (11th Cir.1989) (Stewart II). In Steivart I, a habeas petitioner brought a claim for relief based on allegedly inappropriate comments made during voir dire by the trial court in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Stewart I, 847 F.2d at 1489. The court denied relief on these grounds. The court, however, did not stop there. The panel, in its subsequent opinion, characterized what happened next:
While reviewing the Caldwell claim raised by Stewart and addressed above, this court noticed other occasions where defense counsel, the prosecutor and the trial judge touched on functions of the jury which might have been asserted as implicating Caldwell in a manner different from that which had been suggested by Stewart. The court sua sponte requested supplemental briefing and then addressed the merits of some, but not all, of these other, potential Caldwell issues. See Stewart v. Dugger, 847 F.2d 1486, 1489-1493. (11th Cir.1988).
Stewart II, 877 F.2d at 854.
The court in Stewart II accordingly reconsidered its decision in Stewart I to address certain Caldwell issues sua sponte and upon reconsideration, struck that part of the discussion in Stewart I. Id. at 852 (“The court, sua sponte, reconsiders this case insofar as our previous opinion addressed an issue which had been raised by the court sua sponte and unadvisedly. For the reasons stated, one section of our previous opinion ... is stricken and a statement of the reasons for its being stricken is inserted.”). The court stated that it “unadvisedly” reached the issue because the Caldwell issues raised by the court were procedurally barred. Stewart II, 877 F.2d at 854-55. The court went on to note that the respondent, in its supplemental brief filed at the instruction of the court, pointed out that the petitioner’s claim was procedurally barred. Id. at 855 n. 2. The court then admitted that “[hjaving raised these issues by our own motion perhaps led us to their resolution and caused us to overlook the procedural bar.” Id.
Our sister circuit (as well as the majority in this case) would have been well served to follow the lead of the D.C. Circuit:
Of course not all legal arguments bearing upon the issue in question will always be identified by counsel, and we are not precluded from supplementing the contentions of counsel through our own deliberation and research. But where counsel has made no attempt to address the issue, we will not remedy the defect, especially where, as here, “important questions of far-reaching significance” are involved.
Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983) (Scalia, J.) (quoting Alabama Power Co. v. Gorsuch, 672 F.2d 1, 7 (D.C.Cir.1982)). The case before us is of far-reaching significance for Texas’s scheme for teacher discipline and terminations that was carefully crafted to enhance teachers’ rights while ensuring a fast decisional track. The majority opinion casts constitutional doubt on the scheme despite Coggin’s concession that the statutorily mandated process is constitutional.
The American system of judicial deci-sionmaking is grounded on the adversary process. Vintson v. Anton, 786 F.2d 1023, 1025 (11th Cir.1986) (noting that the adversary system is what “characterizes the *472 judicial process under the Anglo-American common law”). “The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.”[6] Carducci, 714 F.2d at 177. For this court to base its decision on grounds not raised by the parties is a “serious misadventure in the judicial process” and constitutes nothing less than the destruction of the cornerstone of the adversarial process. Lyons, 731 F.2d at 250 (Rubin and Williams, JJ., concurring in part and dissenting in part). Judge Posner has made the same point:
This is a case in which the lawyer for a party tells the appellate court that he does not base his claim on grounds X and Y ..., but the court’s independent research and reflection persuade the court that the lawyer is wrong. If reversal on such grounds is proper, we no longer have an adversary system of justice in the federal courts.
Hartmann v. Prudential Ins. Co. of Am., 9 F.3d 1207, 1215 (7th Cir.1993).
Under the majority’s opinion, LISD will lose its appeal based on an argument of which it had neither notice nor opportunity to respond. Receiving notice and being given the right to respond constitute the core of procedural due process. Therein lies the ultimate irony. The majority’s opinion denies due process to LISD while simultaneously holding the school district liable for depriving Coggin of due process.
I respectfully dissent.

. "It is reasonable to assume that just as a district court is not required to 'scour the record looking for factual disputes,’ it is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer’s case.” Little v. Cox’s Supermarkets, 71 F.3d 637, 641 (7th Cir.1995) (quoting Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994)) (internal citations omitted).

. The district court specifically noted that “[t]he parties have cited no law that allows for review of the Commissioner's failure to assign a hearing examiner.” Memorandum Opinion, p. 17, Case No. 6:99-CV-658, (E.D.Tex. May 16, 2000). The district court further stated the parties did not raise or suggest the "relevance or applicability of Tex. Educ.Code Ann. § 7.057,” upon which the majority relies. Id. at 17 n. 14. Thus, the court refused to consider it. Id.

. None of the parties' original briefs even refers to Tex. Educ.Code Ann. § 7.057.

. LISD’s en banc brief, in a footnote, refers to and quotes from Judge Emilio Garza's panel dissent in which he suggests that Coggin could have filed suit in state district court in Travis County against the Commissioner under § 7.057(d). But LISD makes' no attempt to present a reasoned argument that this was relevant to, or determinative of, the present case. Accordingly, any such argument was abandoned for being inadequately briefed. See Fed. R.App. P. 28(a)(5); L&A Contracting Co. v. S. Concrete Servs., Inc., 17 F.3d 106, 113 (5th Cir. 1994); Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir.1993). Moreover, a citation in LISD’s brief, without more, could hardly furnish the basis for this court to grant relief to Coggin, who never even cited, much less argued, the provision.

.“Although we can affirm a summary judgment on grounds not relied on by the district court, those grounds must at least have been proposed or asserted in that court by the movant.” Johnson v. Sawyer, 120 F.3d 1307, 1316 (5th Cir.1997); see also Breaux v. Dilsaver, 254 F.3d 533, 538 (5th Cir.2001) ("Although this court may decide a case on any ground that was presented to the trial court, we are not required to do so.”); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir.1999) ("This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances.”); Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir.1996) ("Furthermore, the Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.”); N. Alamo Water Supply Corp. v. City of San Juan, Tex., 90 F.3d 910, 916 (5th Cir.1996) ("We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances.”); Mo. Pac. R.R. v. Harbison-Fischer Mfg. Co., 26 F.3d 531, 538 (5th Cir.1994) ("[W]e can affirm the district court on the alternate grounds asserted below.”); FDIC v. Laguarta, 939 F.2d 1231, 1240 (5th Cir.1991) (refusing to affirm summary judgment on grounds "neither raised below ... nor even raised sua sponte by the district court”).

. As Judge Phillips of the Fourth Circuit noted,
[t]he most critical characteristic of the adversarial (as opposed to inquisitorial) system of litigation is the degree to which it gives over to parties acting through counsel a substantial degree of control over the litigation process. This control extends both to the formulation of the legal and factual issues to be laid before the court and to the presentation of factual proof and legal contentions on these issues to the decision maker.
Hirschkop v. Snead, 594 F.2d 356, 377 (4th Cir.1979) (en banc) (Phillips, J., concurring).