IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-10902
Summary Calendar

———————

JOSEPH EUGENE NAGY

Plaintiff - Appellant

V.

ELIANA I GEORGE, Individually in her own behalf; KATHLEEN
KENNEDY, Individually and as she is an attorney at Law for the State of
Texas; WELLS FARGO BANK NA, A financial services company; GALEN
RAY SUMROW, Individually and as he is the Criminal District Attorney for
Rockwall County; BARRETT BURKE WILSON CASTLE DAFFIN &
FRAPPIER LLP, A partnership including corporations; BLAKELY HALL,
Attorney at Law for the State of Texas; DAVID SANDUCCI, Individually and
as he is a securities broker #2370405 with Clayton Dunning and Company Inc

Defendants - Appellees

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-368

———————

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case consists of an amalgamation of claims resulting from diverse

events surrounding Appellant Joseph Eugene Nagy's acrimonious divorce.  The

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court dismissed all federal and state claims except for Nagy's employment-related claims against his former employer, Affiliated Computer Services, Inc. ("ACS").[1]  Nagy, a pro se litigant, appealed.  We have jurisdiction because the district court explicitly entered partial final judgment under Federal Rule of Civil Procedure 54(b).  For the reasons below, we AFFIRM.

Nagy's claims against the various defendants stem from several seemingly unrelated events that occurred around the time of Nagy's divorce.  First, Nagy alleges that Kathleen Kennedy, Judge H.G. Andrews, Blakely Hall, and Eliana I. George conspired to deprive him of his due process protections, thereby making his state divorce decree "fraudulent" and unconstitutional.[2]  Second, Nagy contends that Wells Fargo, N.A. ("Wells Fargo") and its legal counsel, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. ("Barrett Burke"), violated his rights when Wells Fargo foreclosed on his property.  Third, Nagy argues that Galen Ray Sumrow, the Rockwall County Criminal District Attorney, improperly prosecuted him for domestic violence and other offenses. Fourth, Nagy claims that David Sanducci, his securities broker, mismanaged his IRA account.  Finally, Nagy asserts that ACS, his former employer, discriminated against him.

On appeal, Nagy contends that: (1) his divorce decree is unconstitutional and fraudulent; (2) the district court erred when it did not enter default judgments against Sumrow, Wells Fargo, Barrett Burke, George, ACS, and Kennedy; (3) the district court had diversity jurisdiction over his claims against

---

[1] Applying the Rooker-Feldman doctrine, the district court dismissed Nagy's 42 U.S.C. §§ 1983, 1985, 1986, and 28 U.S.C. § 1343 claims for lack of subject matter jurisdiction.  The district court also dismissed Nagy's claims under 10 U.S.C. § 1054 and 18 U.S.C. §§ 372 and 1514 because these statutes do not permit private causes of action.  Finally, the district court declined to exercise supplemental jurisdiction over Nagy's state law claims.

[2] George is Nagy's ex-wife.  Kennedy represented George and Hall represented Nagy in the divorce proceeding over which Judge Andrews presided.

Wells Fargo; (4) conflicts of interest arose when Barrett Burke represented Wells Fargo, and the Attorney General of Texas represented both Judge Andrews and George in this litigation; and (5) the district court improperly dismissed his conspiracy claims against Kennedy, Judge Andrews, Blakely, and George.

After reviewing Nagy's brief, we find that Nagy has waived his first, fourth, and fifth arguments. Federal Rule of Appellate Procedure 28 requires appellants to support their contentions with reasons along with "citation to the authorities and parts of the record on which the appellant[s] rel[y]." Thus, "[a]lthough we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988). In this case, Nagy's conclusory argument that the district court erred when it dismissed his conspiracy claims and his claims regarding the divorce decree under the Rooker-Feldman doctrine fails to meet the requirements of Rule 28.[3] Similarly, Nagy's perfunctory, one-sentence allegation of a conflict of interest–unaccompanied by any citation to authorities–does not preserve this issue for review.[4]

Nagy's remaining arguments lack merit. Nagy contends that the district court erred when it failed to enter default judgments against Sumrow, Wells Fargo, Barrett Burke, George, ACS, and Kennedy because they did not answer within twenty days of service. Nagy served defendants by personally sending them the summons and complaint via certified mail. This method of service did

---

[3] In addressing the district court's application of the Rooker-Feldman doctrine, Nagy claims only that he "maintains his right to appeal" and that he "believes the United States Supreme Court will uphold Appellant's unconstitutional allegations."

[4] In the "Statement of the Issues" section of his brief, Nagy presents his fourth issue as "the conflict of interest created when Defendant Barrett represented Wells Fargo, a named co-defendant and the Attorney General represented both Judge H.G. Andrews and Eliana." But the "Argument" section of his brief contains only one sentence as to a purported conflict of interest: "The Appellant presents there is a conflict of interest created when Defendant Barrett represented Wells Fargo, a named co-defendant."

not conform to either the established federal or state methods of service.  Fed. R. Civ. P. 4; Tex. R. Civ. P. 106(a)(2).   Therefore, Nagy's argument is unpersuasive because service was improper.  Finally, Nagy alleges that federal diversity jurisdiction exists over his state law claims against Wells Fargo.  This argument fails because some defendants in this case are Texas citizens and, therefore, complete diversity is absent.  See Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001) ("Federal jurisdiction ordinarily exists over lawsuits that could have been brought in a state court, so long as complete diversity of citizenship and the requisite amount in controversy are present.").

AFFIRMED.